Case 4:23-cv-01675   Document 1   Filed on 05/05/23 in TXSD   Page 1 of 6

United States Bankruptcy Court
United States District Court
Southern District of Texas
**ENTERED**
May 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 14-34974 |
| CLEVELAND IMAGING & SURGICAL | § | CHAPTER 11 |
| HOSPITAL, L.L.C., | § | David R. Jones |
| | § | |
| Debtor. | § | |

### REPORT AND RECOMMENDATION FOR WITHDRAWAL OF THE REFERENCE TO THE UNITED STATES DISTRICT COURT FOR CRIMINAL CONTEMPT PROCEEDINGS, AND REFERRAL TO THE UNITED STATES ATTORNEY

After almost nine years, multiple frivolous appeals, numerous sanctions and contempt hearings, and proceedings before three bankruptcy judges, the Court issues this *sua sponte* report and recommendation to the United States District Court to withdraw this matter to conduct criminal contempt proceedings against Sonya Chandler-Anderson. This report and recommendation is made as the Bankruptcy Court has exhausted its statutory and constitutional contempt power. Pursuant to its statutory reporting obligation, this order shall constitute a referral to the United States Attorney for the Southern District of Texas. Finally, a copy of this report and recommendation shall be forwarded to the Office of Chief Disciplinary Counsel for the State Bar of Texas.[1]

### Relevant History of the Case[2]

The Debtor initiated a voluntary chapter 11 case on September 4, 2014. [Docket No. 1]. The Debtor filed its proposed plan of liquidation on June 3, 2015. [Docket No. 164]. The proposed liquidation of the Debtor's assets included a four-bed hospital located in Cleveland, Texas (the "Hospital"). [Docket No. 169]. The Debtor's third amended plan of liquidation was confirmed by Order entered June 29, 2016. [Docket No. 567].

By Order entered June 23, 2015, the Court approved an auction process and related bidding procedures for the Debtor's assets including the Hospital. [Docket No. 178]. On July 31, 2015, the Court entered an agreed order approving the sale of substantially all the Debtor's assets free and clear of all liens, claims, interests and encumbrances to Caliber Medical Partners II, LLC ("Caliber"). [Docket No. 311]. When Caliber failed to consummate the sale, the Court authorized the Debtor to consummate a sale with CISH Acquisition, LLC ("CISH") by Order entered August

---

[1] Judge Marvin Isgur made a referral to the Office of Chief Disciplinary Counsel for the State Bar of Texas on April 30, 2021. A copy of the referral was delivered to Chief United States District Judge Lee Rosenthal.

[2] The docket in the case contains 1,261 numbered entries as of May 1, 2023.

21, 2015 (the "Sale Order"). [Docket No. 355]. CISH promptly consummated the purchase of the Debtor's assets, including the Hospital. [Docket No. 361].

After closing of the sale to CISH, Dr. Camil Kreit initiated a series of actions designed to undermine the Court's sale process and related orders. On November 18, 2015, the Debtor filed its motion for a show cause hearing requiring Dr. Kreit to appear and show cause why he was not in contempt of court. [Docket No. 451]. The Court issued a show cause order on November 19, 2015, setting a hearing and requiring the production of certain records. [Docket No. 452]. The hearing took place over multiple days. [Unnumbered docket entries after Nos. 454, 467, 470, 476 and 483]. On June 3, 2016, the Court issued its order and accompanying findings of fact and conclusions of law finding that Dr. Kreit violated the automatic stay and was in contempt of court. [Docket Nos. 554 and 555]. An agreed order fixing the damages incurred by the Debtor and requiring their payment was entered on June 2, 2016. [Docket No. 556]. Dr. Kreit was subsequently found in contempt of his own agreed order. [Docket Nos. 604 and 605].

On March 2, 2016, the Debtor filed its second motion for an order requiring Dr. Kreit and his counsel, Shann Chaudry, to appear and show cause why they should not be held in contempt of court. [Docket No. 492]. The Court issued a show cause order on March 16, 2016, requiring the parties to appear on March 23, 2016. [Docket Nos. 501 and 503]. The second motion was denied by order entered March 28, 2016. [Docket No. 519].

On March 26, 2020, Sonya Chandler-Anderson signed and filed in real property records a *lis pendens* against the Hospital. [Docket No. 805-4]. Ms. Chandler's actions were in direct contravention of the Sale Order. The litigation referenced in the *lis pendens* as constituting a "legal dispute" was an appeal to the District Court of a sanctions order issued by the Court against Dr. Camil Kreit, Dr. Samir Kreit and their attorney, Troy J. Wilson. [Docket No. 805-4]. The dispute itself is referenced as a "fraudulent transfer" of the Hospital and related property to CISH pursuant to the Sale Order. [Docket No. 805-4].

On April 7, 2020, CISH filed its emergency motion to enforce the Sale Order and request for sanctions against Sonya Chandler-Anderson and others for filing a *lis pendens* against the Hospital despite the Court's Sale Order (the "Enforcement Motion"). [Docket No. 805]. When provided a copy of the Sale Order and asked to withdraw the *lis pendens*, Ms. Chandler-Anderson refused. [Docket No. 805-5].

On April 7, 2020, Ms. Chandler-Anderson entered notices of appearance in this case for Dr. Camil Kreit, Dr. Samir Kreit and Dr. Fadi Ghanem. [Docket Nos. 808 and 809]. On April 7, 2020, the Court required Dr. Camil Kreit, Dr. Samir Kreit, Dr. Fadi Ghanem and Sonya-Chandler Anderson to file detailed written responses to the Enforcement Motion. [Docket No. 806].

Ms. Chandler-Anderson filed a motion to strike the Enforcement Motion on April 7, 2020. [Docket No. 810]. The motion itself is nonsensical. [Docket No. 810]. In response, the Court provided an extended deadline to (i) withdraw the *lis pendens*; and (ii) agree that no further *lis pendens* or similar encumbrances would be filed. [Docket No. 811]. Dr. Camil Kreit, Dr. Samir Kreit and Dr. Fadi Ghanem filed a response on April 9, 2020, stating that they had no objection to the withdrawal of the *lis pendens* but could not withdraw it as Ms. Chandler-Anderson had filed

the *lis pendens* "of her own accord, and without consultation of or approval of Samir Kreit, Camil Kreit, and Fadi Ghanem." [Docket No. 812]. The response was filed by Ms. Chandler-Anderson but signed only by Dr. Camil Kreit. [Docket No. 812]. A revised response was filed at Docket No. 813 that contains a "Withdrawl of Lis Pendens" (errors included) signed by Ms. Chandler-Anderson. [Docket No. 813-1]. Additional responses were filed Docket Nos. 814 and 815. Despite the alleged willingness to comply, the *lis pendens* was not timely withdrawn.

On April 9, 2020, the Court entered its Order holding Dr. Camil Kreit, Dr. Samir Kreit, Dr. Fadi Ghanem and Sonya Chandler-Anderson in civil contempt and imposing daily monetary sanctions beginning the following day and continuing until the *lis pendens* was withdrawn. [Docket No. 818]. Emergency motions seeking an extension of the Court's deadline and requests for clarification were filed by Dr. Camil Kreit, Dr. Samir Kreit and Dr. Fadi Ghanem. [Docket Nos. 820, 821 and 822]. Each motion was filed by Ms. Chandler-Anderson. [Docket Nos. 820, 821 and 822]. The motions were denied as frivolous. [Docket No. 823]. Ms. Chandler-Anderson then filed a series of pleadings on April 10, 2020, that can only be described in the aggregate as gibberish. [Docket Nos. 832, 831, 830, 829, 828, 827, 826, 825 and 824].

By Order entered on April 10, 202, the Court removed Ms. Chandler-Anderson as counsel for Dr. Camil Kreit, Dr. Samir Kreit, and Dr. Fadi Ghanem due to the existence of a "direct, absolute and irreconcilable conflict of interest." [Docket No. 833]. Further, Ms. Chandler-Anderson was directed as follows:

> Sonya Chandler Anderson has no authority—acting in her individual capacity—to file the Lis Pendens. She is ordered immediately to withdraw the Notice of Lis Pendens. Failure to immediately comply with this requirement will result in a criminal contempt referral to the United States Attorney and a recommendation that the State Bar of Texas commence disciplinary proceedings against Sonya Chandler Anderson.

[Docket No. 833]. The Court further advised all parties that daily sanctions continued to accrue. [Docket No. 833]. Despite being removed as counsel, Ms. Chandler-Anderson continued to prepare and file pleadings on behalf of Dr. Camil Kreit, Dr. Samir Kreit, and Dr. Fadi Ghanem. [Docket Nos. 838, 839, 840, 841, 843, 844, 845, 848, 849, 854, 855, 856, 857, 858, 859, 860, 861, 885, 892, 893, 900, 915, 916, 917, 934, 941, 947, 948, 989, 990, 1016, 1020, 1021, 1028 and 1030]. The majority of these pleadings do not meet the minimum requirements established by FED. R. BANKR. P. 9011(b).

## The Imposition of Coercive Sanctions

By Order entered January 24, 2021, the Court required Ms. Chandler-Anderson to (i) pay all accrued sanctions totaling $147,000 and provide written proof of such payment; or (ii) submit financial documents reflecting an inability to pay the accrued sanctions. [Docket No. 1034]. Ms. Chandler-Anderson failed to comply with any portion of the Court's Order.

On February 12, 2021, the Court found Ms. Chandler-Anderson in civil contempt of the Court's January 24, 2021 Order. [Docket No. 1070]. The Order was amended on February 22,

2021. [Docket No. 1074]. The Order contains clear and unambiguous instructions for Ms. Chandler-Anderson's compliance. [Docket No. 1074]. The Order is final and non-appealable. To date, Ms. Chandler-Anderson has taken no steps to comply with the Court's Order.

By Order entered March 4, 2021, the Court directed the United States Marshal to take Ms. Chandler-Anderson into custody and bring her before the Court for further proceedings regarding appropriate coercive sanctions. [Docket No. 1078]. On March 6, 2023, the United States Marshal produced Ms. Chandler-Anderson before the Court for a hearing. [Docket No. 1232]. At the hearing, Ms. Chandler-Anderson requested that Judge Isgur recuse himself based on the assertion that he was a witness in her disbarment proceedings before the State of Texas. [Docket No. 1232 and recording]. Judge Isgur granted the request and recused himself by Order entered March 6, 2023. [Docket No. 1233].

Chief Bankruptcy Judge Rodriguez assigned this case to the undersigned judge on March 6, 2023. [Docket No. 1235]. On March 8, 2023, the Court conducted a hearing with Ms. Chandler-Anderson and her counsel, Tanika Solomon. During the hearing, the Court committed to extraordinary measures to conduct additional hearings to expedite Ms. Chandler-Anderson's release upon payment of the unpaid sanctions or the demonstration of an inability to comply. Ms. Chandler-Anderson took no steps to comply with the Court's orders. To the contrary, Ms. Chandler-Anderson filed a series of frivolous appeals of orders that were long since final and non-appealable [Docket Nos. 1247, 1256] as well as a writ of habeas corpus to the District Court and to the Fifth Circuit Court of Appeals. The writs have been denied and no relief has been granted.

On April 5, 2023, followed by a written order entered April 10, 2023, the Court ordered Ms. Chandler-Anderson to produce the following items at a hearing to be conducted on April 25, 2023:

> All federal tax returns for Sonya Chandler-Anderson and her law practice for 2020, 2021 and 2022.
>
> Account statements for November 2022-March 2023, for any financial account, including but not limited to any checking account, money market account, savings account, stock account, retirement account or certificate of deposit, in which she owns any interest.

[Docket No. 1252]. Ms. Chander-Anderson indicated during the April 5, 2023, hearing that she would not comply with the Court's instructions. [Recording of April 5, 2023, hearing]. At the hearing on April 25, 2023, Ms. Chandler-Anderson again confirmed that she had taken no steps to comply with any aspect of the Court's April 10, 2023, Order. Ms. Chandler-Anderson also confirmed that she had not paid the outstanding sanctions and did not assert or provide any evidence of a present inability to pay any of the outstanding sanctions.

> On April 25, 2023, the Court issued its order of release finding that
>
> [c]ivil confinement is a severe form of coercive sanction and should be used only in the most egregious circumstances. This case presents a textbook example of such a circumstance. The case is compounded by the fact that Ms. Chandler-Anderson is an attorney and swore an oath to "conduct [her]self with integrity and civility in dealing . . . with the court . . ." The Court finds Ms. Chandler-Anderson to be a person wholly lacking in candor, integrity and decency. Faced with such a person, the Court finds that continued coercive sanctions against Ms. Chandler-Anderson serve no purpose.

[Docket No. 1260]. At that time, Ms. Chandler-Anderson had been in civil confinement for 54 days. The cost to the United States Marshal for Ms. Chandler's confinement was $66.00 per day. [Docket No. 1260]. The Court directed the United States Marshal to release Ms. Chandler-Anderson from custody upon the payment of good funds in the amount of $3,564.00 [$66 per day X 54 days]. [Docket No. 1260]. The docket reflects that $3,564.00 was paid on April 27, 2023. This payment suggests that Ms. Chandler-Anderson had the ability to pay at least a portion of the outstanding sanctions and that her refusal to comply with the Court's orders was deliberate.

### Request to Withdraw the Reference to Conduct Criminal Contempt Proceedings and Referral to the United States Attorney

"[T]he power to punish for contempt is an inherent power of the federal courts and . . . includes the power to punish violations of [its] . . . orders." *United States v. Fidanian,* 465 F.2d 755, 757 (5th Cir.), *cert. denied*, 409 U.S. 1044 (1972). This "power . . . is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418 450 (1911). See also *In re Bradley*, 588 F.3d 254 (5th Cir. 2009).

In an analogous case, the Fifth Circuit held that a bankruptcy court's contempt power is generally limited to remedial and coercive civil contempt. *Griffith v. Oles (In re Hipp)*, 895 F.2d 1503 (5th Cir. 1990). In *Hipp*, the Fifth Circuit held that a bankruptcy court could not preside over a criminal contempt proceeding involving a party that filed a *lis pendens* in violation of a bankruptcy court order. 895 F.2d at 1504-05. The Court also noted the requirement that a criminal contempt proceeding must be pursued by a disinterested prosecutor before the district court. *Id.* at 1507.

Ms. Chandler-Anderson's conduct throughout this case implicates 18 U.S.C. § 401. As such, she is entitled to constitutional due process before an Article III court with a prosecutor authorized to act on behalf of the United States. Accordingly, the Court requests that the District Court withdraw the reference to conduct criminal contempt proceedings against Sonya Chandler-Anderson. In addition, the Court refers this matter to the United States Attorney for the Southern District of Texas. Finally, a copy of this Report and Recommendation will be forward to the Office

of Chief Disciplinary Counsel for the State Bar of Texas, P.O. Box 13287, Austin, Texas 78711 in connection with pending disbarment proceedings against Sonya Chandler-Anderson.[3]

**SIGNED: May 1, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

---

[3] Disciplinary proceedings were also instituted before the United States District Court for the Southern District of Texas, Miscellaneous Action No. 4:21-MC-1080.